**Minnie LINK, Respondent,**

v.

**Charles Raymond COX et al., Appellants.**

**No. 35950.**

Missouri Court of Appeals,
St. Louis District,
Division 4.

Oct. 7, 1975.

William C. Batson, Jr., Ted M. Henson, Jr., Poplar Bluff, Donald A. Fee, Cape Girardeau, for appellants.

Rader, Smith & Calvin, Cape Girardeau, for respondent.

SMITH, Chief Judge.

Defendants (except C & L Enterprises) appeal from a judgment in a court-tried case awarding damages to plaintiff for fraud by defendants. The judgment was for $9457.37 actual damages plus interest and $5000 punitive damages against all five defendants. We affirm as to defendants Charles Raymond Cox and Buster Brown and reverse as to Lois Maurine Brown and Patricia Cox (now Smiddy).

In 1968, Charles Cox, Buster Brown and a third man, Frederick Brown (hereinafter promoters) devised a plan to print and distribute stamps to Jaycee clubs throughout the United States. These stamps would include the emblem of the Jaycees. The Jaycee clubs would sell them as a money-making enterprise and C & L Enterprises would share in the money received. The promoters were in need of financial backing and contacted plaintiff for such backing. She loaned the promoters and their corporation $7500 in May of 1968 and another $2000 in December of that year. She was to be repaid the amount of her loan plus a percent of the profits from the sale of the stamps. A written agreement was executed by the promoters with plaintiff.[1] That agreement contained a stipulation by

---

1. This exhibit as well as all others introduced into evidence have not been provided to the Court as required by Rule 81.15. We, therefore, consider only those portions of the exhibits which were read into the record or were otherwise testified to. We presume that non-deposited exhibits are regarded by counsel as unnecessary to proper disposition of the case.

the defendant signatories that the stamp had been copyrighted. The agreement was not signed by either of the female defendants (wives of Buster Brown and Charles Cox) nor did plaintiff at any time have any contact with either of those defendants. Plaintiff testified that the promoters represented that C & L Enterprises was solvent and that the stamp was copyrighted.

■ There is no dispute that the stamp was not copyrighted, and that the promoters had been advised prior to seeing plaintiff that it was questionable it could be. In fact, shortly after the first loan, those defendants were advised that copyright had been refused. Defendants' evidence was that plaintiff was told prior to the first loan that, in fact, no copyright had been obtain- · ed. Neither her testimony nor the written agreement supports such a contention. Defendants argue that the copyright statement was a statement of law. We disagree. That the design was copyrightable would be a statement of law; that it was copyrighted was a statement of fact. We also reject defendants' contention that plaintiff should have checked further herself. Defendants were in a position of superior knowledge and in writing stipulated that a copyright existed. This was a positive explicit representation of a character to induce action. Plaintiff was not required to further investigate. See *Conroy's Inc. v. Ratz*, 14 S.W.2d 465 (Mo.App.1929); *Universal C.I.T. Credit Corp. v. Tatro*, 416 S.W.2d 696 (Mo.App.1967).

No serious argument is raised that C & L Enterprises was insolvent at the time of both loans. At the time of the first loan the corporation had assets of $40 and was in debt over a thousand dollars. The promoters were officers of C & L Enterprises and plaintiff had a right to rely upon their statements of the corporation's solvency.

■ Both of these misrepresented matters were relevant to plaintiff's action in loaning the money to the corporation. The evidence warrants, in fact compels, the con-

clusion that the misrepresentations were made to induce her to loan the money and that she relied upon those statements in making the loans. The evidence also compels the conclusion that the absence of copyright and the absence of solvency were precipitating causes in the failure of the stamp plan, the bankruptcy of the company, and the loss of the money loaned by plaintiff. The evidence supports the judgment of the court awarding actual and punitive damages to plaintiff against defendants Charles Raymond Cox and Buster Brown.

■ There is absolutely no evidence to connect Lois Brown and Patricia Cox (Smiddy) to the fraudulent actions of Brown and Cox except their status as wives. Plaintiff had seen one of the wives once from a distance and had never met either of them. Neither wife had any demonstrated interest in the corporation nor anything to do with the stamp plan. Neither was shown to have known of the existence of plaintiff much less the financial involvement of plaintiff in the corporation or stamp plan. There was some evidence that each had received salary for certain work done for other enterprises run by the corporation which salary may have been traceable to the money loaned by plaintiff. But there was no evidence that either wife was aware of such source or knew that the money was the product of their husband's fraud. The agency of the husband for the wife cannot be established merely by their marriage, but may be shown by circumstantial evidence. *Ethridge v. Perryman*, 363 S.W.2d 696 (Mo.1963) and *Murphy v. Olds*, 508 S.W.2d 249 (Mo.App.1974). There simply is no circumstantial evidence here except the marriage upon which to base a finding of agency. No actual participation in the fraud nor in the corporate management was shown and in the absence of an agency relationship recovery does not lie against the wives. We find no agency.

Judgment affirmed as to Charles Raymond Cox and Buster Brown; judgment

reversed as to Lois Maurine Brown and Patricia Cox (Smiddy).

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.