**In re Ray W. RAUCH, Debtor.**

**TERMPLAN OF MISSOURI, INC., Plaintiff,**

**v.**

**Ray W. RAUCH, Defendant.**

**Bankruptcy No. 81–01832–1.**

**Adv. No. 81–1625–1.**

United States Bankruptcy Court, W. D. Missouri, W. D.

Feb. 11, 1982.

---

1. *Cushman v. Davis* (1906) 79 Vt. 111, 64 A. 456, 45 A.L.R. 400.

Jack R. Grate, Jr., Independence, Mo., for plaintiff.

Joe F. Willerth, Independence, Mo., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

FRANK P. BARKER, Jr., Chief Judge.

The debtor was a co-signer on several notes made by one Edith Harness to Termplan. Since Ms. Harness only earned $100.00 a month babysitting and received child support, Termplan required the co-signer to complete a credit application also. The debt sued on is dated August 11, 1980 and is a refinancing of an earlier loan made on July 17, 1979 which was a refinance of a 1977 loan. The "fresh cash" advanced was $501.72.

The real problem is that the debtor did not disclose a second deed of trust on his residence to GECC of some $20,000.00 made on October 30, 1978 and a debt to Charter Bank made on April 13, 1980 of some $700.00.

The evidence disclosed that the debtor has worked at GMAD for twenty (20) years and earns $1,600.00 a month. His home for ten (10) years has a first deed of trust to the VA reduced to about $8,000.00 and is valued at $30,000.00.

I have no problem in finding that plaintiff established a prima facie case of non-dischargeability including reliance on the false statement. The loan manager's notes on the credit application of August 11, 1980 recites: "OK for 500 with co-signer again, pays good C/M has 11 yr res, & 20 yr job, maker has 3 yr res and enough income to pay."

On the July 17, 1979 credit application there is recited: "She draws child support. C/M is strength of loan. He has 10 yr res & 19 yr job. She pays good. OK for loan. HHGs & C/M."

The only direct evidence on the element of intent was the debtor's testimony that he just forgot about the second mortgage or "overlooked it", that he filled the form out fast after work at the request of Ms. Harness because "she needed a co-signer with lots of seniority", that he never intended to deceive plaintiff.

The evidence also showed that Ms. Harness had an excellent payment record with Termplan until default on March 15, 1981. There was no evidence of the cause of her default or the efforts of Termplan to collect from her. There was evidence that Termplan obtained a judgment against the debtor and Ms. Harness and a garnishment on May 28, 1981 against the debtor's wages which no doubt triggered the filing of the bankruptcy on June 4, 1981.

The case law on the element of fraudulent intent mandates that such proof be "clear and convincing". This is far more than a "preponderance of the evidence" and is tantamount to the "beyond a reasonable doubt" test in a criminal case.

The question of intent is a question of fact. *Becker v. Shields*, 237 F.2d 622, 625 (8th Cir. 1956). The creditor must prove the essential allegations by clear, cogent

and convincing evidence. *In re Netherland*, Bkrtcy., 8 B.R. 679; *In re Duiser*, Bkrtcy., 8 B.R. 397; *In re Denson*, Bkrtcy., 7 B.R. 213; *In re Jones*, Bkrtcy., 3 B.R. 410.

Under all the circumstances of this case, I am not convinced that the debtor intended to deceive and cheat the plaintiff. I base this conclusion primarily on his demeanor while testifying. He was straightforward and not evasive and appeared to be an honest, hardworking wage earner employed for over twenty (20) years at the General Motors Assembly plant in Kansas City. And while I believe plaintiff relied on the debtor's credit application, there was substantial evidence that there was also reliance on the excellent payment record of the maker, Ms. Harness.

"The inference of fraud must be unequivocal. Fraud cannot be presumed. It must be proven and if there is left room for the inference of honest intent, the proof of fraud is wanting." *In re Lawrence*, Bkrtcy., 1 B.R. 402, 405. See also *In re Clark*, Bkrtcy., 1 B.R. 614.

The Court therefore concludes upon all the facts and circumstances of this case that the evidence was not sufficient to establish the requisite fraudulent intent.

The debt is discharged.