Eileen R. **MANISSI, Respondent,**

v.

Anthony S. **MANISSI, Appellant.**

No. 47581.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1984.

Anthony J. Coultas, St. Louis, for appellant.

Mark D. Pasewark, St. Louis, for respondent.

CRANDALL, Judge.

 Anthony S. Manissi, appellant herein, appeals from the dismissal of his "Motion To Set Aside Levy and Execution Sale." The execution and sale were pursuant to a 1975 decree dissolving the parties' marriage. Although not a part of the record before us, the decree apparently awarded Eileen R. Manissi, respondent herein, a parcel of real property located in Camden County and $19,500 in cash. None of the cash has been paid to respondent, and the sale was held to satisfy this debt. Appellant purchased the levied-upon property himself and, the next day, filed his motion to set aside the sale. After a full hearing, the trial court dismissed the motion.[1] We affirm.[2]

At the heart of this controversy lies the Camden County property. This property was purchased by the parties during their marriage in 1971. Later that year appellant purportedly borrowed $10,000 from his brother and sister-in-law, executing a note and a deed of trust on that property to secure the loan. Respondent was not a party to this transaction, nor did she have any knowledge of it at the time. The deed of trust was recorded in 1973.

Respondent first learned of the deed of trust in 1982, while she was trying to sell the property. She had found purchasers, but they balked at closing the transaction while the encumbrance on the title remained. Respondent was told that she had to obtain a release of the deed of trust before the sale could be concluded. Respondent then contacted Charlene Manissi, appellant's sister-in-law, to obtain the release. Appellant's brother is now deceased.

Upon being contacted by respondent, Charlene contacted appellant. Eventually a deal was worked out in which Charlene agreed to release the deed on the property, appellant agreed to repay the loan secured by the deed, and respondent agreed to forgive at least $15,000 of the debt due under the dissolution decree. Respondent was then able to complete the sale of the Camden County property. Thereafter, respondent executed on the judgment.

Appellant's sole ground for reversal is that the release signed by respondent forgave his debt. Execution would therefore be improper as there was no amount owing under the decree. The dispositive issue is whether there was valid consideration for the release given by respondent.

 When appellant and respondent purchased the Camden County property, title vested in them as tenants by the entirety. Thereafter, so long as the tenancy existed, appellant could not convey, alienate, or en-

---

1. Although the order was denominated a dismissal, the court acted after a full hearing on the merits at which both sides presented evidence. Further, appellant's argument to this court assumes that the trial court's action was a ruling on the merits. We therefore treat the ruling as a denial of the motion.

2. Respondent's motion to dismiss the appeal is overruled.

cumber the property without being joined by respondent. *Kaufmann v. Krahling,* 519 S.W.2d 29, 31 (Mo.App.1975). The deed of trust executed in favor of appellant's brother and sister-in-law, without the knowledge of respondent, was therefore void and of no legal effect. *See Hallmark v. Stillings,* 648 S.W.2d 230, 236 (Mo.App. 1983).

■ In order to find consideration for respondent's release of appellant's debt, Charlene Manissi must have released a valid legal claim or a claim that was the subject of a honest and reasonable dispute. *Coffman Industries, Inc. v. Gorman-Taber Co.,* 521 S.W.2d 763, 771 (Mo.App. 1975). If there was a good faith dispute over the validity of the deed of trust released by Charlene Manissi, then there was sufficient consideration to uphold respondent's release of appellant's debt under the decree.

■ Here there exists substantial evidence to support a finding, as a matter of fact, that Charlene Manissi's release of the deed of trust was nothing more than a sham concocted to defraud respondent. The record shows that Charlene Manissi and appellant were partners in business ventures and that appellant had never made any payments on the alleged loan prior to the release of the deed of trust. After the "compromise" appellant made some payments to his sister-in-law in the amount of $1,050, but no repayment schedule was ever established.

We find substantial evidence to support the trial court's implicit finding that the claim of Charlene Manissi was not held in good faith, so that its surrender was not valid consideration for respondent's release of appellant's indebtedness. The judgment was, therefore, never released and the execution was valid.

The order of the trial court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.