**In re Willie D. PITTMAN, Debtor.**

**MACY'S, Plaintiff,**

**v.**

**Willie D. PITTMAN, Defendant.**

Bankruptcy No. 83–03284–2.
Adv. No. 84–0123–2.

United States Bankruptcy Court,
W.D. Missouri.

Aug. 15, 1984.

Bruce E. Strauss, Kansas City, Mo., for plaintiff.

Keith B. Koenigsdorf, Kansas City, Mo., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this proceeding Macy's, an unsecured creditor, seeks a determination that its debt is non-dischargeable, alleging that at the time the purchases were made, debtor had no intention of paying for them and thus obtained property and extensions of credit by false pretenses. Debtor made a general denial.

The matter was tried. Debtor appeared in person and by counsel. Macy's appeared by counsel and a representative. Evidence was heard and the matter taken under advisement.

The evidence shows that the account was in debtor's name but that his wife made most if not all, of the purchases and that she made the payments. The evidence also shows that both of them were employed but that layoffs and reduced work weeks caused debtor to experience financial difficulties. His petition for relief was filed December 12, 1983. In September, October and November of 1983 debtor's wife made purchases totalling $970.24 and the total account balance on the day of filing was $1,327.93. There were no payments during this period but there was a credit for returned merchandise. The evidence showed that debtor's wife signed all of the sales tickets. Debtor denied having any knowledge as to the purchases or the status of the account.

Under the provisions of § 523(a)(2) a debt is nondischargeable if incurred as a result of the obtaining of "property ... or an extension of credit, by ... a false representation ...". Macy's contends that debtor made a false representation here by allowing these purchases to be made when he knew the family was in financial difficulty and lacked the ability to make payments.

The theory of Macy's case is sound. A consumer using a credit card is held to imply a willingness and an ability to pay for the purchases. *Matter of Banasiak,* 8 B.R. 171 (B.C.M.D.Fla.1981). If such willingness and ability are lacking, the use of the card is fraudulent and the resulting debt nondischargeable. *In re Turner,* 23 B.R. 681 (B.C.Mass.1982); *In re Griffis,* 29 B.R. 110 (B.C.Vt.1983). The creditor must prove the elements of nondischargeability by clear and convincing proof. Rule 4005, Rules of Bankruptcy Procedure; *In re Stewart,* 7 B.R. 551 (B.C.M.D.Ga.1980); *In re Aldrich,* 16 B.R. 825 (B.C.W.D.Ky.1982); *In re Rauch,* 18 B.R. 97 (B.C.W.D.Mo. 1982).

The evidence shows that Mrs. Pittman was separately employed before and during the time these purchases were made and continued to be employed throughout these proceedings although on a reduced basis. The evidence also shows that debtor's financial difficulties began a few months before he filed because of reduced hours at work. There is some confusion as to how much in advance of the date of filing debtor consulted an attorney but the schedules show that they were signed on December 5, 1983, although not filed until December 12, 1983. Debtor admitted telling his wife sometime in early December that he was going to file. He denied discussing his financial problems with her in October and November of 1983.

The bulk of the purchases were made between October 24, 1983, and November 18, 1983. There is no evidence that debtor knew of these purchases or that he had told his wife at that time that he was having financial problems. At that time the account was in a delinquent status, the monthly payment not having been made.

Mrs. Pittman has not filed bankruptcy. If she had it would be easy enough to conclude that her conduct could result in a nondischargeable debt. But that is not the question before the Court. Here Macy's asks the Court to find that because of his wife's conduct debtor made fraudulent representations to it which render the debt

nondischargeable. Macy's argues that in the family context it is unlikely that Mrs. Pittman was unaware of her husband's financial situation and therefore she abused her credit card privileges knowing the debt was going to be discharged in bankruptcy.

The Macy's account had been open for about ten years. During that time Mrs. Pittman was an authorized user although she was not named. The evidence shows that she used the account and paid it and that it was in satisfactory credit condition until sometime prior to October of 1983. The evidence shows that the purchases she made in October and November of 1983 were personal or household items, only one or two of which debtor might have noticed.

Debtor denies being aware of what Mrs. Pittman did with the Macy's account. He denies discussing his financial problems with her before the date of filing. He has been employed with Armco Steel for 29 years; she has been employed over 20 years. She is probably liable for use of the Macy's account and has not sought to discharge the debt in bankruptcy. The Court finds debtor's testimony about the account and the circumstances of the filing credible.

The creditor has the burden of showing knowing and fraudulent representations intentionally made. *In re Petrini*, 23 B.R. 981 (B.C.E.D.Pa.1982); *In re Rauch*, supra. When debtor opened the account he represented a willingness and an ability to pay. For the better part of ten years those representations were truthful. As to the particular transactions here, debtor made no representations whatsoever and there is no evidence which enables the Court to conclude that debtor and his wife entered into a conspiracy to defraud Macy's in October and November of 1983. The evidence is insufficient to enable the Court to conclude that debtor was aware of the status of the Macy's account or that he allowed or encouraged his wife to abuse the charge privilege. Society is long past the day when the wife's acts can be presumed to be at her husband's direction. It is especially true here where the wife had

an independent income and managed the account herself with a satisfactory credit status for the better part of ten years.

The Court finds that debtor made no fraudulent representations to Macy's in October and November of 1983 and holds that the debt is dischargeable as to him.