**In re Gordon & Charlaine DALESKE, Debtors.**

**WRIGHT COUNTY BANK, Plaintiff,**

v.

**Gordon and Charlaine DALESKE, Defendants.**

**Bankruptcy No. 82–01008–S.**
**Adv. No. 82–2151–S.**

United States Bankruptcy Court,
W.D. Missouri, S.D.

May 6, 1985.

Lincoln J. Knauer, Springfield, Mo., for Wright County Bank.

James R. Doran, Springfield, Mo., for debtors.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In this adversary proceeding Wright County Bank objects to debtors' discharge under the provisions of § 727 of the Code, Title 11, U.S.C. Debtors answered by general denial and also asserted that part of their refusal to furnish books and records and to explain certain variances was based upon assertion of privilege under the Fifth Amendment to the Constitution of the United States.

Thereafter the Bank moved for summary judgment submitting depositions and affidavits in support. Debtors responded by asserting their privilege and also by contending that there was no evidence of misconduct on the part of Charlaine Daleske. The Bank contends as to her that Gordon Daleske, her husband, was her agent. There is no dispute that the Bank had a perfected security interest in the property.

■ The Bank objects to discharge of debtors under § 727(a)(2), (a)(3) and (a)(4) of the Code. Debtors as a defense assert their privilege. Such an assertion properly invoked will not result in denial of discharge. Section 727(a)(6)(B) of the Code. What the evidence shows here is that debtors sold cattle in which the Bank held a security interest and did not pay the pro-

ceeds to the Bank. Such conduct could be a criminal act under state law. Immunity has not been granted. The Court finds that the privilege was properly invoked.

Whether a husband is agent for his wife in the context of this situation is a matter of state law.

"... neither husband nor wife has the power to act as the other's agent merely by virtue of the marital relation ..." *Vaughn v. Great American Insurance Company*, 390 S.W.2d 622, 627 (Mo.App. 1965).

"The agency of a husband for his wife may be shown by direct evidence or by facts and circumstances which will authorize a reasonable and logical inference that he was empowered to act for her or that she ratified his unauthorized acts ... A wife by her actions and conduct may be estopped to deny her husband's authority to act as her agent for her in her behalf". *Ethridge v. Perryman*, 363 S.W.2d 696, 701–02 (Mo.1963).

"... when a husband assumes to act for his wife and when his action naturally tends to accomplish her known wishes it needs but little evidence to warrant an inference that the action was authorized by her. Slight evidence of the agency of the husband for the wife is sufficient to charge her where she receives, retains and enjoys the benefit of the contract". *Bowen v. Loyd*, 589 S.W.2d 312, 317 (Mo. App.1979) citing, with approval 41 C.J.S. Husband and Wife, § 70, p. 548.

"No actual participation in the fraud nor in the corporate management was shown and in the absence of an agency relationship recovery does not lie against the wives". *Link v. Cox*, 529 S.W.2d 189, 191 (Mo.App.1975).

■ There is no evidence here which shows that Charlaine Daleske appointed her husband as agent or that she ratified his improper conduct. She may have known that he sold the cattle and even that he used the proceeds. That is not sufficient to justify a denial of discharge or even a determination of non-dischargeabili-

ty. There must also be a showing that she knew the Bank had not authorized the sales or that the Bank expected proceeds from the sale of its collateral to be paid over to it, which was not done. There is no evidence on either of those points as to Mrs. Daleske. The Court holds that Gordon Daleske was not his wife's agent in the acts described herein.

The Bank carries a heavy burden here and has not met it. *In re Schmidt*, 36 B.R. 459 (DC ED Mo.1983); *In re Rauch*, 18 B.R. 97 (Bkrtcy.WD Mo.1982); *Matter of Klusman*, 29 B.R. 865 (Bkrtcy.SD Ohio 1983). Conduct of the husband is not attributable to the wife; there must be positive fraud. *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540 (DC WD Va.1967). The Court holds that there is no evidence to show that Mrs. Daleske committed any acts which would support denial of discharge.

What the evidence shows here and what the parties seem to agree is that the theory of this proceeding is conversion, the creation of a non-dischargeable obligation under § 523(a)(6) of the Code, Title 11, U.S.C. Debtor sold the cattle in which the Bank had a security interest and did not pay any of the proceeds over to the Bank. The Bank's evidence is that it did not consent to the sales or the use of the proceeds. There is no evidence to the contrary.

The Court finds that debtor Gordon Daleske sold property in which the Bank held a security interest and converted the proceeds to his own use. The amount of such conversion, after deduction for insurance recovery, is $31,212.01. That amount is found to be non-dischargeable.

The Court also finds that the objections to discharge are not supported by the evidence and should be overruled. The Code authorizes the claim of privilege and, unlike the procedure under the Bankruptcy Act, does not penalize a debtor for claiming such privilege. The Court, therefore, cannot by indirection penalize debtor for exercising the privilege by denying discharge based upon acts flowing from the exercise of privilege.