**In re Benjamin J. NAHABEDIAN and Elizabeth E. Nahabedian a/k/a Elizabeth E. Johnson, Debtors.**

**COMPUTER PRODUCTS, INC., Plaintiff,**

**v.**

**Benjamin J. NAHABEDIAN and Elizabeth E. Nahabedian, Defendants.**

**Bankruptcy No. 88–00383–BKC–SMW. Adv. No. 88–0208–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

June 30, 1988.

Robert W. Pearce, Fort Lauderdale, Fla., for Ben Nahabedian.

Mindy R. Kraut, Plantation, Fla., for debtors.

Alan L. Levine, Fort Lauderdale, Fla., Alex Hofrichter, Miami, Fla., for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint by Computer Products, Inc., (the "creditor") against Benjamin J. Nahabedian and Elizabeth E. Nahabedian (the "debtors") to determine dischargeability of a state court judgment pursuant to 11 U.S.C. § 523(a)(4) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a, b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

Debtor Elizabeth Nahabedian, was an employee of the creditor for several years as a comptroller. The creditor entrusted Ms. Nahabedian with writing checks on behalf of the corporation for payment of business expenses or purchases. Instead, during the course of her employment, Ms. Nahabedian appropriated approximately $709,838.83 for her own use. Numerous invoices indicate that Ms. Nahabedian and Mr. Nahabedian used the money from the embezzled checks to purchase antiques for their antique business "Ben and Liz Collectibles." In addition, several of the creditor's checks and other cashier checks indicate that the debtors purchased a Ford van and a new home under their joint names during the time in which the funds were misappropriated.

In March, 1986 the creditor determined that Ms. Nahabedian had taken funds totaling $709,838.83 from the creditor's business. The creditor filed a lawsuit in state court against the debtors which resulted in a judgment for the creditor in the amount of $709,838.83. The state court held both debtors liable for the civil theft.

The creditor brings this action pursuant to 11 U.S.C. § 523(a)(4) seeking to exempt from discharge the state court judgment due to the debtors' fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

■ In accordance with the principles enunciated in *Brown v. Felsen* the bankruptcy court is not bound by a state court's findings when determining the dischargeability of a debt under 11 U.S.C. § 523. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1978). Therefore, this Court, must determine whether the state court judgment is nondischargeable under 11 U.S.C. § 523.

■ Under 11 U.S.C. § 523(a)(4) a debtor may not receive a discharge from any debt arising from an embezzlement or larceny. *Savonarola v. Beran,* 79 B.R. 493 (Bankr.N.D.Fla.1987). A creditor must prove that the debtor appropriated funds for his own benefit and that he did so with fraudulent intent or deceit. *Savonarola v. Beran,* 79 B.R. 493, 496 (Bankr.N.D.Fla. 1987). Embezzlement is defined as the willful taking, or conversion to one's own use, the property of another which the wrongdoer acquired lawfully by reason of some office or employment or position of trust. *Crebbs v. Epperson, (In re Epperson)* 45 B.R. 708, 711 (Bankr.E.D.Tenn. 1985); *Savonarola v. Beran,* 79 B.R. 493 (Bankr.N.D.Fla.1987); Larceny is defined as the fraudulent and wrongful taking and carrying away the property of another with intent to convert such property to the taker's use without the consent of the owner. *In re Graziano,* 35 B.R. 589, 594 (E.D.N.Y. 1983). A finding of nondischargeability for embezzlement or larceny does not require the existence of a fiduciary relationship.

*Savonarola v. Beran,* 79 B.R. 493 (Bankr. N.D.Fla.1987).

■ Under Florida law, the crimes of embezzlement, conversion and larceny, are consolidated into a single theft statute. *See* FLA.STAT. § 812.014 (1988). The Florida statutory offense of theft is consistent with the federal definition of embezzlement or larceny. Therefore, this Court accepts and thereby adopts the state court findings that the debtor, Elizabeth Nahabedian, is guilty of theft for knowingly and fraudulently appropriating, for her own use, the creditor's money. Furthermore, the Court finds that the debtor, Elizabeth Nahabedian's judgment should be excepted from discharge under 11 U.S.C. § 523(a)(4) due to her embezzlement or larceny and therefore the state court judgment is nondischargeable under 11 U.S.C. § 523(a)(4).

■ In addition, the creditor argues that under 11 U.S.C. § 523(a)(4) that the debtor, Ben Nahabedian's, state court judgment should be excepted from discharge due to his embezzlement or larceny of the creditor's money in conjunction with his wife. Mr. Nahabedian was a partner with his wife in an antique business. The invoices indicate that some of the proceeds from the checks embezzled by his wife were used by Mr. Nahabedian to purchase antiques through their business, "Ben and Liz Collectibles." Several invoices indicate that Mr. Nahabedian was the purchaser of expensive antiques from other antique dealers. Furthermore, some of the money embezzled was used by Mr. Nahabedian and his wife to purchase a Ford van from the dealership where he was employed and pay for its conversion. In addition, several checks from the creditor's business were used by the debtors to purchase a new home under the debtors joint names. Finally, the evidence shows, that Mr. Nahabedian purchased goods through a mail order company with the creditor's check and requested that the embezzled check be returned to his personal address. The debtor, Ben Nahabedian, argues that he was not aware of any embezzlement by his wife but that he believed the monies used to purchase the above mentioned items were from bonuses advanced to his wife by the creditor. However, the checks cashed by the debtors were valued well in excess of any salary or bonus Mr. Nahabedian might personally expect his wife would receive from the creditor.

This Court is aware that the bankruptcy code does not allow attribution of intent from one spouse to another. *First Texas Savings, Inc. v. Reed,* 700 F.2d 986, 993 (5th Cir.1983). However, fraudulent intent may be inferred from the totality of the circumstances and the conduct of the person accused. *Savonarola v. Beran,* 79 B.R. 493 (Bankr.N.D.Fla.1987); *In re Firestone,* 26 B.R. 706, 716 (Bankr.S.D.Fla. 1982); *In the Matter of Kinney,* 54 B.R. 348, 352 (Bankr.M.D.Fla.1985). Based on the totality of the circumstances, the Court finds, that the debtor, Ben Nahabedian, knowingly participated and assisted his wife in the misappropriation of the creditor's money for the purchase of a Ford van, antiques, and a new home under their joint names. Therefore, the Court finds that the state court judgment against the debtor, Ben Nahabedian, is nondischargeable under 11 U.S.C. § 523(a)(4).

In summary, the Court finds that the Florida state court judgment is nondischargeable under 11 U.S.C. § 523(a)(4).

A separate Final Judgment of even date has been entered in conformity herewith.