Gordon W. STEFFENS and Rebekah B.
Steffens, Plaintiffs–Respondents,

v.

David L. FORBES,
Defendant–Appellant.

No. 56025.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 10, 1989.

Richard L. Hughes, John M. Hughes, St. Louis, for defendant-appellant.

Benson Cytron, House Springs, for plaintiffs-respondents.

REINHARD, Judge.

Defendant appeals from a judgment for plaintiffs on a promissory note. We affirm.

On October 2, 1984, plaintiffs (husband and wife) agreed to loan $20,000 to defendant and a third party, Reaban. Defendant and Reaban executed a promissory note whereby they agreed "to pay to the order of Gordon W. Steffens and to Rebekah B. Steffens the sum of $20,000...." The note provided for interest and was due April 2, 1985. On October 12, 1984, plaintiffs issued two checks, each in the amount of $10,000, and each drawn on a joint account of plaintiffs, payable to defendant and Reaban. The checks subsequently were endorsed to a corporation in which defendant, Reaban and Gordon Steffens were stockholders.

The corporation failed, and defendant, Reaban and Gordon Steffens met on March 20, 1985, to discuss, among other things, repayment of the $20,000 loan. Rebekah Steffens was not present. The meeting led to a settlement agreement, executed the same day, which contains two provisions pertinent to this appeal. One is a "Waiver and Release of Liability" clause wherein defendant was released of "any and all claims, demands and causes of action ... arising in any way out of ... Steffens' relationship with the Company or any dealings [defendant, Reaban or Steffens] have had with each other prior to the date of this Agreement." This provision was subject to the other pertinent provision wherein the company was substituted as the debtor on the promissory note and wherein the due date was extended to December 31, 1985. The agreement was signed by defendant, Gordon Steffens and Reaban.

The note was in default on June 25, 1986, when plaintiffs filed suit against defendant on the original promissory note. Defendant filed a third party petition against Reaban, and in his answer raised affirmative defenses based on the settlement agreement. The trial court granted judgment for plaintiffs in the amount of $26,750 representing the principal amount of the note, interest, and attorney's fees. The trial court also granted judgment for defendant against Reaban in an amount equal to one half of any sums paid by defendant to plaintiffs. Defendant appeals; Reaban does not.

We must affirm the trial court's judgment unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ On appeal, defendant contends that the settlement agreement amounted to an "accord and satisfaction" of the debt owed to plaintiffs, and that plaintiffs' action on the original promissory note is therefore barred. In Missouri, a transaction such as that embodied in the settlement agreement, in which a creditor agrees to release a debtor in consideration of the assumption of the debt by a third party, is generally referred to as a novation, a species of accord and satisfaction. *Long v. Weiler*, 395 S.W.2d 234, 237 (Mo.App.1965). *See also* 1 C.J.S. Accord and Satisfaction, § 5 (1985). Regardless of the terminology used to describe it, the transaction ordinarily would constitute a defense to an action against defendant on the note.

■ The obstacle for defendant here lies in the fact that the promissory note was executed in favor of Gordon and Rebekah Steffens, while the settlement agreement was signed only by Gordon Steffens. As the note is owned by a husband and wife, it is held presumptively by the entireties. *Cann v. M & B Drilling Co.*, 480 S.W.2d 81, 85 (Mo.App.1972). As such, the husband, acting alone, cannot bind the wife on a contract affecting the property. *Leuzinger v. Merrill, Lynch, Pierce, Fenner & Smith*, 396 S.W.2d 570, 580 (Mo.

banc 1965). Accordingly, we have held that an assignment of a savings account as security for a loan was ineffective where the account was held by the entireties but the assignment was signed only by the wife. *Wulfert v. Boatmen's Bank of Jefferson County*, 671 S.W.2d 355, 360 (Mo.App.1984). *See also Manissi v. Manissi*, 672 S.W.2d 738, 739 (Mo.App.1984). Under these authorities, we conclude the settlement agreement is ineffective absent wife's signature, and presents no bar to plaintiffs' suit.

Defendant next asserts that "the trial court erred in failing to find that as a matter of law Gordon Steffens acted as the agent for his wife in executing the settlement agreement." His point misperceives the law in Missouri which consistently has been that the agency of a husband for his wife cannot be established merely by their marriage. *Link v. Cox*, 529 S.W.2d 189, 191 (Mo.App.1975). In any event, it appears that, while defense counsel vigorously examined Gordon Steffens on the agency issue, there was no evidence that wife authorized husband to enter into the agreement or that wife later consented to or ratified the agreement.

Finally, defendant argues that the settlement agreement is tantamount to a discharge under Article III of our Uniform Commercial Code (UCC). We find no Article III provision on point. Section 400.3–116, RSMo 1986, addresses the situation where a negotiable instrument (the note here is negotiable) is payable to two or more persons. If a note is payable to A *and* B (as opposed to A *or* B), then "the rights of one are not discharged without his consent by the act of the other." § 400.3–116(b) UCC Comment, RSMo 1986. Here, the note is payable to Gordon Steffens *and* Rebekah Steffens. Thus, this section and comment seem to defeat defendant's argument. However, as this section does not specifically address the ramifications of a note being held by the entireties, we believe the common law principles discussed above apply, and that the settlement agreement is ineffective absent Rebekah Steffens' signature. *See*

§ 400.1–103, RSMo 1986 (Supplementary general principles of law applicable).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.