**TRANSAMERICA COMMERCIAL FI-NANCE CORPORATION, Appellee/Adversary Proceeding Plaintiff,**

**v.**

**Jim M. JAMES and Anne B. James, Appellants/Adversary Proceeding Defendants.**

**Bankruptcy No. 91–160–Civ–Oc–14.**

United States District Court,
M.D. Florida,
Ocala Division.

May 21, 1992.

**ORDER**

BLACK, District Judge.

This case is before the Court on the appeal of Jim M. James and Anne B. James, from the Final Judgment from the adversary proceeding rendered on March 5, 1991, 124 B.R. 614, and the denial of rehearing on that Final Judgment by the Bankruptcy Court. The appellants filed their Initial Brief on October 2, 1991, and the appellee filed its brief on October 21, 1991. On November 4, 1991, the appellants filed a reply. The Court heard oral argument on the appeal on April 7, 1992.

In their initial brief, the appellants contend that the Bankruptcy Court erred in its Conclusions of Law when it determined that Anne James engaged in a willful and malicious conversion of property, causing the debt owed to the appellee to be excepted from the discharge provisions of the Bankruptcy Code. They also contend that any writing of checks on the individual account owned by Anne James and her husband was not a conversion because the funds in the checking account belonged to the Bank and not to the appellee.

In response, the appellee contends that the Bankruptcy Court was correct in holding that Anne James' debt to it is non-dischargeable under 11 U.S.C. § 523(a)(6). It contends that the appellant had knowledge of, participated in, and benefitted from the conversion of the proceeds from the sale of boats out of trust.

At oral argument, the Court specifically asked the appellants if their representation in their reply-that the Bankruptcy Court did not commit error in its factual findings-was indeed their position. The appellants affirmed that was their position, and that they were only challenging the legal conclusions of the Bankruptcy Court.

In reviewing determinations made by a bankruptcy court, a finding of fact may not be upset unless it is clearly erroneous. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1261 (11th Cir.1988). If the bankruptcy court's application of law to a particular set of facts is at issue, that application may be reviewed *de novo. Id.*

■ Title 11 U.S.C. § 523(a) provides: "A discharge under section 727, 1141, or 1328(b) of this title does not discharge an

individual debtor from any debt—(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6) [hereinafter "§ 523(a)(6)"] (1988). The standard for determining "willfulness" is whether the act was intentional. *Chrysler Credit Corp.*, 842 F.2d at 1264. "[M]alice for purposes of section 523(a)(6) can be established by a finding of implied or constructive malice." *Id.* at 1263.

The Bankruptcy Court found the following facts. Anne James is the wife of Jim James, and served as the bookkeeper for Mid–Florida Marine. Findings of Fact and Conclusions of Law at 615, filed on March 5, 1991. Her duties included depositing funds into the operating account, paying bills and writing checks. *Id.* Mid–Florida Marine entered into a floor plan financing arrangement with the appellee. *Id.* Both appellants executed and delivered to the appellee a personal guaranty by which each guaranteed all payments due plaintiff under the Inventory Security Agreement. *Id.*

■ The appellants knew that Mid–Florida Marine was required to use the sales proceeds from the six boats to pay the appellee. *Id.* at 616. Both appellants knew that Mid–Florida Marine had sold boats which were financed by the appellee "out of trust." *Id.* at 616. The appellants, without appellee's knowledge or permission, deposited the proceeds from the sale of these six boats in Mid–Florida Marine's general operating account for use in paying the other business expenses of Mid–Florida Marine and their own personal expenses. *Id.* at 616. Less than two months prior to the petition date, the appellants, knowing that Mid–Florida Marine was in serious financial condition, withdrew in excess of $11,000.00, from the operating account for their personal use. *Id.* at 616.

At oral argument, both sides agreed that they could find no cases that were directly on point. The appellants, in support of their position, cite this Court to several cases involving the question of a wife's nondischargeability of a debt. A review of these cases leads the Court to conclude that they are clearly distinguishable based on their factual premises, and ultimately tend to support the appellee.

In *In re: Daleske,* 49 B.R. 49 (W.D.Mo. 1985) the court held that the wife's alleged knowledge that her husband sold cattle and used the proceeds was not sufficient to justify a denial of discharge. *In re: Daleske,* 49 B.R. 49, 50–51 (W.D.Mo.1985). The *Daleske* court indicated that there must also be a showing that either the wife knew the bank had either not authorized the sale, or that it expected the proceeds from the sale to be paid over to it, which was not done. *Id.* at 51. In the instant case, Anne James knew that the boats were sold, and she knew that the proceeds were to be turned over to the appellee.

In *Matter of Jarrell,* 129 B.R. 29 (D.Del. 1991), the court found that the debtor wife who was an employee of the business, but had no bookkeeping expertise, would not be denied Chapter 7 discharge for failure to satisfactorily explain the loss of assets. *Matter of Jarrell,* 129 B.R. 29, 34 (D.Del. 1991). In *Jarrell,* the business employed a bookkeeper, and Mrs. Jarrell's supervision of the bookkeeper was minimal, even though she served as the office manager. *Id.* at 31. In the instant case, Anne James served as the only bookkeeper for Mid–State Marine.

The Court finds that Anne James was sufficiently involved in the business affairs of Mid–Florida Marine to support the conclusion of law that she converted the proceeds from the sale of the boats sold "out of trust." Therefore, the Court will affirm the Bankruptcy Court's determination that the debt owed to appellee is nondischargeable under § 523(a)(6).

Accordingly, it is

**ORDERED** that the Bankruptcy Court's determination that the debt owed to the appellee is nondischargeable under § 523(a)(6) is affirmed.

**DONE AND ORDERED.**