**In re Leonard STERN, Debtor.**

**Dynamic Food Service Equipment, Inc., Plaintiff,**

v.

**Leonard Stern, Defendant.**

**No. 97 Civ. 8932 BDP.**

United States District Court, S.D. New York.

March 11, 1999.

David Cohen, Cohen & Lipman, New York City, for Leonard Stern.

Jeremy Rosenberg, Flushing, NY, for Dynamic.

BARRINGTON D. PARKER, District Judge.

This matter comes before this Court on appeal from a judgment entered August 20, 1997, by Judge Adlai S. Hardin, Jr., of the United States Bankruptcy Court for the Southern District of New York. Judge Hardin determined that a debt owed by Leonard Stern to Dynamic Food Services Equipment,

Inc. in the amount of $29,170.58 was not discharged pursuant to 11 U.S.C. § 523(a)(4) because of Stern's larceny. The matter, a core proceeding, was tried before Judge Hardin on July 30, 1997 at an adversary hearing. At the close of the trial, Judge Hardin made findings of fact and conclusions of law determining that the debt in question was nondischargeable.

Under 28 U.S.C. § 158(a)(c) the District Court is authorized to exercise appellate jurisdiction over final orders of the Bankruptcy Court. *See* Bankr.Rule 7052 incorporating Fed.R.Civ.P. 52; (Bankr.Rule 8013). This Court reviews the Bankruptcy Court's conclusions of law *de novo* and its factual findings under a clearly erroneous standard. *In re Maxwell Newspapers Inc.*, 981 F.2d 85, 89 (2d Cir.1992). With these standards in mind, we turn to Judge Hardin's findings and conclusions.

The facts found by Judge Hardin demonstrated that appellant Leonard Stern and Dynamic Food Services Equipment, Inc. entered into a business relationship in the 1980's that involved the sale to the trade of commercial restaurant equipment. Prior to 1986, Stern had an arrangement with Dynamic under which Stern and his company Food Equipment Systems Inc. ("FES") directly solicited and contracted with equipment purchasers. FES would be paid directly and the equipment was to be delivered by Dynamic.

The relationship changed in 1986. From that point, Stern and FES rented space in the premises of Dynamic and shared it with Paul Perlstein, the principal of Dynamic. Under the new arrangement, Stern, acting through FES would solicit orders for equipment from customers. The equipment would be supplied by Dynamic to the customers solicited by FES and Stern. Perlstein and Stern agreed that Dynamic would bill the customers and the customers would pay the full amount of the invoice directly to Dynamic. Dynamic would then pay to FES the portion of the sales proceeds that FES was contractually entitled to receive from Dynamic on account of the sale. FES was not entitled to receive monies unless and until Dynamic received payment from the customers on its invoices.

Starting sometime in October 1988, Stern, in violation of the arrangement with Perlstein, began going to customers requesting that payments on Dynamic's invoices be funneled directly to FES. After these diversions had gone on for a number of months, a net amount of $29,170 had been improperly diverted from Dynamic by Stern. Stern, of course, did not disclose these diversions to Perlstein.

Judge Hardin correctly concluded that the diversions by Stern were fraudulent and constituted larceny. Judge Hardin concluded that Stern's conduct was unlawful "and that it was done surreptitiously, without the knowledge and without the consent of Dynamic." (Tr. at 107). This conclusion was correct since "larceny under 11 U.S.C. § 523(a)(4) necessitates a showing that the debtor wrongfully took property from the rightful owner with fraudulent intent to convert such property to its own use without the owner's consent." *Kaye v. Rose,* 934 F.2d 901, 903 (7th Cir.1991); *Farina v. Balzano,* 127 B.R. 524 (Bkrtcy.E.D.N.Y.1991). Having found that Stern's conduct constituted larceny, Judge Hardin concluded that the debt in question was not dischargeable. We agree and affirm, essentially for the reasons set forth by Judge Hardin in his opinion.

**SO ORDERED.**