IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 00-21090
Summary Calendar
_____


In the Matter of: CLYDE W. SMITH, JR.,

Debtor.

\*\*\*\*\*\*\*\*\*\*

CLYDE W. SMITH, JR.,

Appellant,

v.

DONNA LEE WILLIAMS, INSURANCE COMMISSIONER
OF THE STATE OF DELAWARE, AS RECEIVER OF
NATIONAL HERITAGE LIFE INSURANCE COMPANY,
A COMPANY IN LIQUIDATION

Appellee.

---------------------------------
Appeal from the United States District Court
for the Southern District of Texas
April 12, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The facts of this case, as contained in the opinion of the district court, are as follows:

In August 1995, Donna Lee Williams, Insurance Commissioner

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

--1--

of the State of Delaware ("the Commissioner"), as Receiver of National Heritage Life Insurance Company, a company in liquidation, filed suit in the United States District Court for the Middle District of Florida asserting claims for civil theft, fraud, conspiracy to defraud, conversion, conspiracy to convert, breach of fiduciary duty, and conspiracy to breach fiduciary duty against Clyde W. Smith and other defendants ("Florida case"). Smith and others had plead guilty to participating in a multimillion dollar fraud perpetrated against National Heritage Life Insurance Company, resulting in its insolvency and subsequent receivership. During the pendency of the Florida case, Smith filed for bankruptcy in the Southern District of Texas. The bankruptcy court lifted the automatic stay, permitting the Florida case to go forward. The district court granted the Commissioner's motion for summary judgment in the Florida case concluding that the Commissioner's "evidence that Smith knowingly and intentionally participated in the theft at issue . . . stands unrebutted by competent summary judgment evidence." Upon that finding, the District Court in the Florida case entered a judgment against Smith for over $56 million.

The Commissioner then brought an action in the bankruptcy court arguing that Smith's debt arising from the Florida case was nondischargeable as a matter of law under § 523(a)(4), which makes debts for larceny non-dischargeable. The Commissioner

relied on the Florida district court's conclusion that Smith committed knowing and intentional theft. The Commissioner argued she was entitled to judgment as a matter of law based on collateral estoppel or upon the same uncontroverted summary judgment evidence that was presented to the Florida district court. The bankruptcy court granted the Commissioner's motion for summary judgment. The district court affirmed, ruling that principles of collateral estoppel prevented Smith from relitigating the theft issue before the bankruptcy court. Smith filed a timely notice of appeal with this Court.

The Supreme Court has held that collateral estoppel applies to discharge exception proceedings under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S.Ct. 654, 658 n.11, (1991). In the Fifth Circuit, collateral estoppel applies when: (1) the issue at stake is identical to one actually litigated in a prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior given action was a necessary part of the judgment in the prior action. *Next Level Communications L.P. v. DSC Communications Corp.*, 179 F.3d 244, 250 (5th Cir. 1999). The dispute in the present case relates to the first prong – that is, whether civil theft under Florida law requires the same findings as larceny under § 523(a)(4) of the Bankruptcy Code. Florida's civil theft statute provides:

(1)  A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to, either temporarily or permanently:

   (a)  Deprive the other person of a right to the property or a benefit of the property,

   (b)  Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Fla. Stat. Ann. § 812.014 (West 1992).

While "larceny" is not defined in the Bankruptcy Code, its use in § 523(a)(4) is governed by federal common law.  *In re Rose*, 934 F.2d 901, 903 n.2 (7th Cir. 1991); *In re Barrett*, 156 B.R. 529, 533 n.3 (Bankr. N.D. Tex. 1993).  The common law definition of larceny is "a felonious taking of another's personal property with intent to convert it or deprive the owner of same."  *In re Barrett*, 156 B.R. 529, 533 n.3 (Bankr. N.D. Tex. 1993).

Smith attempts to draw a distinction between the statute's language "obtain or use" and the common law definition's "taking."  We reject such a formalistic distinction.  The term "take" has many shades of meaning depending on the context.  "In the law of larceny," it means "to *obtain* or assume possession of a chattel unlawfully, and without the owner's consent; to appropriate things to one's own *use* with felonious intent."  BLACK'S LAW DICTIONARY 1453 (6th ed. 1990) (emphasis added).  This definition makes clear that the term "taking" includes when the property is "obtained" or "used."  We also find unlikely that Congress' use of the common law term larceny in § 523(a)(4) was intended to exclude those actions that constitute its statutory

--4--

counterpart, theft. Accordingly, we find a conviction under Florida's civil theft statute satisfies the requirements for nondischargeability under § 523(a)(4). *See In re Padgett*, 235 B.R. 660, 663 (Bankr. M.D. Fla. 1999) ("[T]he state court findings of liability under Florida Statutes § 812.014 and § 772.11 satisfy the requirements of § 523(a)(4)."). Thus, Smith is collaterally estopped from relitigating the identical issue in the bankruptcy court. The judgment of the district court is AFFIRMED.