**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHBAY WELLNESS GROUP, INC., a corporation,<br><br>*Appellant*,<br><br>v.<br><br>MICHAEL KENNETH BEYRIES,<br>*Appellee*. | No. 13-17381<br><br>D.C. No.<br>3:11-cv-06255-JSW<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted—January 14, 2015
San Francisco California

Filed June 5, 2015

Before: Milan D. Smith, Jr., Jacqueline H. Nguyen,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Friedland

# SUMMARY[*]

## Bankruptcy

The panel reversed the district court's affirmance of the bankruptcy court's conclusion that a judgment debt was not nondischargeable under 11 U.S.C. § 523(a)(4) as a debt for fraud or defalcation while acting in a fiduciary capacity.

The debt was for the chapter 7 debtor's breach of contract and conversion of a legal defense trust fund for Northbay Wellness Group, operator of a medical marijuana dispensary. The debtor served on Northbay's board of directors and acted as its attorney. The bankruptcy court held that under the doctrine of unclean hands, Northbay's illegal marijuana sales prevented it from obtaining relief under § 523(a)(4). The panel reversed because the debtor's wrongdoing outweighed Northbay's and because application of the unclean hands doctrine to absolve an attorney of responsibility for stealing from his client would be contrary to the public interest.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Lisa L. Gygax (argued), Law Offices of Lisa L. Gygax, Forestville, California, for Appellant.

Jon C. Chandler (argued), David N. Chandler, Sr., and David N. Chandler, Jr., Law Offices of David N. Chandler, Santa Rosa, California, for Appellee.

## OPINION

FRIEDLAND, Circuit Judge:

Attorney Michael Beyries stole $25,000 from his client, a medical marijuana dispensary known as Northbay Wellness Group ("Northbay"). Beyries later filed for bankruptcy, and Northbay sought a determination that the $25,000 was a nondischargeable debt. The bankruptcy court recognized that debts arising from theft are typically nondischargeable, but it applied the doctrine of unclean hands to hold that Northbay's illegal marijuana sales prevented Northbay from obtaining relief. Because Beyries's wrongdoing outweighs Northbay's, and because application of the unclean hands doctrine to absolve an attorney of responsibility for stealing from his client would be contrary to the public interest, we reverse.[1]

---

[1] We address Northbay's other arguments in a concurrently filed memorandum disposition.

## I. Background

Northbay Wellness Group operated as a California medical marijuana dispensary in 2005 and 2006 under the leadership of Dona Frank.  Michael Beyries served on Northbay's board of directors and received $5,000 per month to act as its attorney.  In addition to the monthly payments, Northbay entrusted Beyries with at least $25,000 of its marijuana sales revenue as a legal defense trust fund, for use in the event that a Northbay employee, board member, or patient was arrested on marijuana-related charges.  Northbay made the trust fund payments to Beyries in cash.  Although Beyries assured Frank that he was keeping track of the trust fund deposits, Beyries never provided Frank with a receipt or other record of the funds.

On June 14, 2006, Beyries resigned from his roles at Northbay "effective immediately" and absconded with the $25,000 trust fund.

In February 2008, Northbay and Frank sued Beyries in California state court, alleging, among other things, conversion of the legal defense trust fund and breach of contract.  A jury found against Beyries on both counts and awarded Northbay $25,000 for conversion and $319,430.96 for breach of contract, as well as $5,000 in punitive damages.

Beyries filed for Chapter 7 bankruptcy in September 2010 and listed Northbay as a creditor holding an unsecured, nonpriority claim for the total $349,430.96 awarded in the California judgment.  Shortly thereafter, Northbay and Frank commenced an adversary proceeding against Beyries in the United States Bankruptcy Court for the Northern District of

California, alleging that the state-court award was nondischargeable under 11 U.S.C. § 523(a).[2]

After holding a trial, the bankruptcy court concluded that Beyries's misappropriation of the $25,000 legal defense trust fund ordinarily would be nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code, which provides that a debt "for fraud or defalcation while acting in a fiduciary capacity" may not be discharged.  11 U.S.C. § 523(a)(4). Nevertheless, the court held that the doctrine of unclean hands precluded any judgment for Northbay because

---

[2] Specifically, Northbay and Frank relied upon the following provisions of 11 U.S.C. § 523:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (2) for money . . . to the extent obtained by—
>
> > (A) false pretenses, a false representation, or actual fraud . . .
>
> . . . .
>
> (4) for fraud or defalcation while acting in a fiduciary capacity . . .
>
> . . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

Northbay created the trust fund using the proceeds of illegal marijuana sales. The court accordingly dismissed the adversary proceeding.

Northbay appealed to the United States District Court for the Northern District of California, which affirmed the bankruptcy court's ruling, agreeing that the doctrine of unclean hands foreclosed relief. This timely appeal followed.

## II. Standard of Review

We review a district court's decision in an appeal from the bankruptcy court de novo. *Mano-Y & M, Ltd. v. Field (In re The Mortgage Store, Inc.)*, 773 F.3d 990, 994 (9th Cir. 2014). In doing so, we apply the same standard of review to the bankruptcy court's decision as did the district court. *Id.* We review findings of fact for clear error and conclusions of law de novo. *Id.*

We review application of the unclean hands doctrine for abuse of discretion. *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010). A trial court—here, the bankruptcy court—"abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011) (internal quotation marks omitted).

## III. Unclean Hands

A plaintiff asking a court for equitable relief "must come with clean hands." *Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 387 (1944). Specifically, the doctrine of unclean hands requires that a plaintiff "shall have acted fairly and

without fraud or deceit as to the controversy in issue." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). Because bankruptcy courts are courts of equity, *Young v. United States*, 535 U.S. 43, 50 (2002), a plaintiff deemed to have unclean hands cannot obtain a judgment of nondischargeability. *See Republic of Rwanda v. Uwimana (In re Uwimana)*, 274 F.3d 806, 810 (4th Cir. 2001) ("A plaintiff with unclean hands is not entitled to relief from a court of equity in the form of an order denying the dischargeability of debt." (internal quotation marks omitted)), *abrogated on other grounds by Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1758–59 (2013).[3]

The Supreme Court has emphasized, however, that the doctrine of unclean hands "does not mean that courts must always permit a defendant wrongdoer to retain the profits of his wrongdoing merely because the plaintiff himself is possibly guilty of transgressing the law." *Yellow Cab*, 321 U.S. at 387. Rather, determining whether the doctrine of unclean hands precludes relief requires balancing the alleged wrongdoing of the plaintiff against that of the defendant, and "weigh[ing] the substance of the right asserted by [the]

---

[3] Federal law governs whether nondischargeability is barred by unclean hands. *See Grogan v. Garner*, 498 U.S. 279, 283–84 (1991) ("The validity of a creditor's claim is determined by rules of state law. Since 1970, however, the issue of nondischargeability has been a matter of federal law governed by the terms of the Bankruptcy Code." (citation and footnote omitted)); *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984) ("Because of the federal interests reflected in the Bankruptcy Act, the courts look to federal law to determine whether an obligation is . . . nondischargeable." (internal quotation marks omitted)).

plaintiff against the transgression which, it is contended, serves to foreclose that right." *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 350 (9th Cir. 1963). In addition, "the clean hands doctrine should not be strictly enforced when to do so would frustrate a substantial public interest." *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d 746, 753 (9th Cir. 1991).[4]

The bankruptcy court failed to conduct the required balancing, instead concluding solely from the fact that Northbay had engaged in wrongful activity that the doctrine of unclean hands applied. In so doing, the bankruptcy court made an error of law, and thus abused its discretion.

Had the bankruptcy court weighed the parties' respective wrongdoing, it necessarily would have concluded that Beyries's wrongdoing outweighed Northbay's, both as to harm caused to each other and as to harm caused to the public.

Beyries was on Northbay's board of directors and partnered in Northbay's business, so he was as responsible as Northbay for its illegal marijuana sales. That illegal

---

[4] In *EEOC*, we upheld an injunction despite the plaintiff agency's wrongdoing because denying the injunction "would disserve the public interest in eliminating age, sex, and race discrimination in employment and would punish the innocent victims of discrimination for the errors of the EEOC." 939 F.2d at 754. The defendant corporation's wrongdoing in engaging in employment discrimination was a greater wrong than the agency's alleged violation of Title VII's confidentiality provisions. *Id.* at 752–53.

activity must be attributed to both parties in the weighing of wrongdoing, so it does not tip the balance in either direction.

The bankruptcy court appears to have believed that Northbay's use of cash to create the trust fund, and its failure to carefully count and document that cash, were additional forms of wrongdoing by Northbay. But Northbay's use of cash is unsurprising given that, until February 2014, the federal government had not authorized banks to do business with marijuana sellers in states that had legalized marijuana sales.[5] Northbay's use of cash was (at the time) part and parcel to conducting illegal marijuana sales, which, as discussed, was wrongdoing attributable to Beyries as well. And to the extent that no one documented the exact cash deposits, it was Beyries's responsibility to maintain those records. *See* Cal. Rules of Prof'l Conduct R. 4-100(B)(3) (2013) (requiring that members of the California bar "[m]aintain complete records of all funds, securities, and other properties of a client coming into the possession of the member or law firm and render appropriate accounts to the client regarding them"). Thus, if relevant to the balance of wrongdoing at all, Beyries's failure to properly account for his client's money weighs against Beyries.

On top of the illegal activity shared with Northbay, Beyries is also responsible for much more. Beyries stole

---

[5] *See* Treas. Guidance FIN-2014-G001 (Feb. 14, 2014); Dep't of Justice, Memorandum for All United States Attorneys, Guidance Regarding Marijuana Related Financial Crimes (Feb. 14, 2014), *available at* http://www.justice.gov/sites/default/files/usao-wdwa/legacy/2014/02/14/DAG%20Memo%20-%20Guidance%20Regarding%20Marijuana%20Related%20Financial%20Crimes%202%2014%2014%20%282%29.pdf.

$25,000 from his client.  A lawyer's "[m]isappropriation of a client's property is a gross violation of general morality likely to undermine public confidence in the legal profession and therefore merits severe punishment."  *Greenbaum v. State Bar*, 544 P.2d 921, 928 (Cal. 1976) (in bank) (internal quotation marks omitted).  As the California Supreme Court has emphasized, theft from a client is "an offense which involves moral turpitude and clearly warrants disbarment in the absence of extenuating circumstances." *Person v. State Bar*, 509 P.2d 524, 527 (Cal. 1973) (in bank) (internal quotation marks omitted); *see also* Cal. Bus. & Prof. Code § 6106 ("The commission of any act involving moral turpitude, dishonesty or corruption . . . constitutes a cause for disbarment or suspension.").  Indeed, the California State Bar disbarred Beyries because of the very conduct at issue here.  *See In re Michael Kenneth Beyries*, Case No. 11-O-15899-PEM, at 3–6 (State Bar Ct. Cal. Sept. 25, 2014), *available at* http://members.calbar.ca.gov/courtDocs/11-O-15899-3.pdf.  In the balance of wrongdoing, Beyries thus fares much worse than Northbay.[6]

Allowing Beyries to avoid through bankruptcy his responsibility for misappropriating his client's money would undermine the public interest in holding attorneys to high

---

[6] The Seventh Circuit has likewise concluded that theft may be a greater wrong than illegal drug sales for purposes of applying the doctrine of unclean hands.  In *Kaye v. Rose (In re Rose)*, 934 F.2d 901 (7th Cir. 1991) (per curiam), the Seventh Circuit held that the unclean hands doctrine did not prevent the plaintiff from enforcing a judgment requiring the return of stolen funds, even though the plaintiff may have acquired the stolen funds through illegal drug sales.  *Id.* at 904 n.4.

ethical standards.[7]  Recognizing the critical importance of enforcing lawyers' obligations to their clients, we previously have held that "[w]hen a lawyer has by immoral or illegal conduct violated his professional obligations to his client, an action by the client to recover the lawyer's fee will not be barred on the lawyer's plea that the client also engaged in immoral or illegal conduct." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1061 n.1 (9th Cir. 2001) (internal quotation marks and citation omitted).  We similarly now hold that the doctrine of unclean hands cannot prevent recovery of funds stolen from a client by his or her lawyer.

## IV. Conclusion

For the foregoing reasons, the bankruptcy court abused its discretion by applying the doctrine of unclean hands to bar Northbay's request for a judgment of nondischargeability.

**REVERSED and REMANDED**.

---

[7] Because an action for breach of fiduciary duty is an action in equity, *see Stebbins v. Crocker Citizens Nat'l Bank (In re Ahlswede)*, 516 F.2d 784, 788 (9th Cir. 1975), extending the doctrine of unclean hands to situations like that at issue here would not only allow lawyers to discharge debts arising from thefts from clients, but could also block wronged clients' suits against their lawyers for breaches of fiduciary duties.