**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: J. DOUGLASS JENNINGS, Jr.; PEGGY L. JENNINGS, <br><br> Debtors, <br><br> ------------------------------ <br><br> J. DOUGLASS JENNINGS, Jr.; PEGGY L. JENNINGS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RAMOS PROPERTIES, L.P.; SSM CAPITAL, INC., <br><br> Defendants-Appellees. | No. 14-56649 <br><br> D.C. No. 3:13-cv-02588-BEN-KSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 9, 2016
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER and BYBEE, Circuit Judges, and SMITH,[**] Chief District Judge.

Mr. and Mrs. Jennings appeal the district court's affirmance of a bankruptcy court's grant of summary judgment against them.  We have jurisdiction under 28 U.S.C. § 158(d), and we affirm in part, reverse in part, and remand.

We determine *de novo* "whether, viewing the evidence in the light most favorable to the nonmoving party [Mr. and Mrs. Jennings], genuine issues of fact remain for trial." *In re Stern*, 345 F.3d 1036, 1040 (9th Cir. 2003).  Credibility determinations must be left for the jury and must not be resolved on summary judgment.  *See Deppe v. United Airlines*, 217 F.3d 1262, 1266 (9th Cir. 2000) (noting that a district court "may not make credibility determinations" on summary judgment).

**1.**  On summary judgment, the bankruptcy court held that the debt was nondischargeable as to Mr. Jennings because, among other reasons, the debt was "for fraud or defalcation while acting in a fiduciary capacity."  11 U.S.C. § 523(a)(4).  Defalcation is the "misappropriation of trust funds or money held in any fiduciary capacity." *In re Lewis*, 97 F.3d 1182, 1186 (9th Cir. 1996) (citation omitted).  "The fiduciary relationship must be one arising from an express or

---

[**]      The Honorable William E. Smith, United States Chief District Judge for the District of Rhode Island, sitting by designation.

2

technical trust that was imposed before and without reference to the wrongdoing that caused the debt." *Id.* at 1185. Mr. Jennings was holding the property in an express trust for Plaintiffs, and he misappropriated the property with "knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1757 (2013). Because there were no issues of material fact on these points, summary judgment was properly entered against him.

**2.** The bankruptcy court held that the debt was nondischargeable as to Mrs. Jennings as well because the debt was for "embezzlement[] or larceny" and "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(4), (6). Larceny is the "felonious taking of another's property with the intent to convert it to deprive the owner of the same." *In re Ormsby*, 591 F.3d 1199, 1205 (9th Cir. 2010) (citation omitted). Felonious intent, in turn, requires "proceeding from an evil heart of purpose; malicious; [or] villainous." *Id.* at 1205 n.4 (citation omitted). Embezzlement similarly requires circumstances indicating fraudulent intent. *In re Littleton*, 942 F.3d 551, 555 (9th Cir. 1991). Mrs. Jennings put forth evidence that created a genuine issue of material fact as to her intent by claiming that she did not know what she was

3

signing and signed forms merely because Mr. Jennings told her to. Therefore, summary judgment should not have been granted as to Mrs. Jennings.

**3.** Moreover, the bankruptcy court granted, and the district court affirmed, a prejudgment interest rate of ten percent. As a general rule, the federal prejudgment interest rate applies to bankruptcy proceedings unless the equities of the case call for a different rate. *See In re Banks*, 263 F.3d 862, 871 (9th Cir. 2001). Here, however, the bankruptcy court erred because it gave no justification for using a different rate. On remand, the bankruptcy court should either apply the federal prejudgment interest rate or provide a reasonable justification, based on the equities of the case, for using a different rate.

**4.** Mr. and Mrs. Jennings also claim that a previous court's denial of a prejudgment writ of attachment in other litigation serves as a *res judicata* bar to this litigation. The denial does not have this effect because it was not a final judgment. *See In re Jenson*, 980 F.2d 1254, 1257 (9th Cir. 1992).

We **AFFIRM** as to Mr. Jennings's nondischargeability and the *res judicata* issue, **REVERSE** as to Mrs. Jennings's nondischargeability and the selection of a prejudgement interest rate, and **REMAND** for further proceedings.