**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: AVRAM MOSHE PERRY.

_____

AVRAM MOSHE PERRY,

        Appellant,

  v.

KEY AUTO RECOVERY,

        Appellee.

No. 17-55518

D.C. No. 2:15-cv-09899-FMO

MEMORANDUM*

In re: AVRAM MOSHE PERRY.

_____

AVRAM MOSHE PERRY,

        Appellant,

  v.

JP MORGAN CHASE BANK N.A.; KEY
AUTO RECOVERY,

        Appellees.

Nos. 17-55519, 17-55520

D.C. Nos.    2:15-cv-07155-FMO
             2:15-cv-09440-FMO

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

In these consolidated appeals, Chapter 7 debtor Avram Moshe Perry appeals pro se from the district court's judgment affirming the bankruptcy court's summary judgments, and affirming in part and reversing in part the bankruptcy court's judgment dismissing Perry's adversary proceeding complaint. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision in an appeal from the bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995). We affirm.

In appeal no. 17-55518, the bankruptcy court properly granted summary judgment to Key Auto Recovery, because Perry failed to raise a genuine dispute of material fact as to whether Key had possession of the vehicle after Perry filed his

[**] The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy petition. *See Gruntz v. City of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000) (en banc) ("The automatic stay is self-executing, effective upon the filing of the bankruptcy petition.").

In appeal no. 17-55519, dismissal of Perry's adversary proceeding complaint (No. 15-ap-1129) was not an abuse of discretion because Perry already had a pending action against Key Auto and JPMorgan Chase alleging injury in connection with the 2009 repossession of Perry's vehicle. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007) (plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant), *overruled on other grounds by Taylor v. Sturell*, 553 U.S. 880, 904 (2008).

In appeal no. 17-55520, the bankruptcy court properly granted summary judgment to JPMorgan Chase, because Perry did not have standing to pursue his claims. *See Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1177 (9th Cir. 2014) (debtor failed to allege plausible injury under 11 U.S.C. § 362(k) where debtor lacked authority to possess or control asset).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

17-55518

Perry's requests that this court review prior orders of the bankruptcy court, order disqualification of the bankruptcy judge, sanction appellees' attorneys, reinstate federal claims, enter judgment in Perry's favor, and take judicial notice, set forth in his opening and reply briefs, are denied.

Appellee JPMorgan Chase's request to declare Perry a vexatious litigant, set forth in its answering brief, is denied.

Perry's motions for oral argument (Docket Entry No. 7 in Appeal No. 17-55518; Docket Entry No. 5 in Appeal No. 17-55519; Docket Entry No. 8 in Appeal No. 17-55520) are denied.

**AFFIRMED.**