**NOT FOR PUBLICATION**



# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS W. COULSON, | No. 18-16491 |
| Appellant, | D.C. No. |
| v. | 1:17-cv-00437-LEK-KSC |
| ELIZABETH A. KANE, Trustee, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 11, 2019**
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Creditor Thomas Coulson appeals the district court's decision affirming the

bankruptcy court's grant of partial summary judgment for the bankruptcy trustee.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"We review a district court's decision in an appeal from the bankruptcy court de novo." *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (citation omitted). We apply "the same standard of review to the bankruptcy court's decision as did the district court," therefore "[w]e review findings of fact for clear error and conclusions of law de novo." *Id.*

I

The district court correctly concluded that the clerk's January 7, 2016 disbursement of $123,716.23 to Coulson was an avoidable preference under 11 U.S.C. § 547(b) because it occurred within 90 days of the filing of debtor Richard Price's bankruptcy petition. Under 11 U.S.C. § 547(b), a trustee may avoid a transfer made to a creditor within the 90-day period preceding the filling of the bankruptcy petition if six elements are shown. *Superior Stamp & Coin Co. v. Anderson (In re Superior Stamp & Coin Co.)*, 223 F.3d 1004, 1007 (9th Cir. 2000). The elements at issue in this appeal are whether there was "(1) a transfer of an interest of the debtor in property; . . . (5) made on or within 90 days before the date of the filing of the petition." *Id.*

2

"Generally, property belongs to the debtor for purposes of § 547 if its transfer will deprive the bankruptcy estate of something which could otherwise be used to satisfy the claims of creditors." *Danning v. Bozek (In re Bullion Reserve of N. Am.)*, 836 F.2d 1214, 1217 (9th Cir. 1988) (noting that the Bankruptcy Code does not define the term "property of the debtor," and that "we define the term broadly"). Although funds in a true escrow are generally not considered property of the estate, 5 COLLIER ON BANKRUPTCY, ¶ 541.09[2] (Richard Levin & Henry J. Sommer eds., 16th ed.), that determination depends on the nature and circumstances of the agreement and whether a transfer occurred. *See Schoenmann v. Bank of the West (In re Tenderloin Health)*, 849 F.3d 1231, 1244-45 (9th Cir. 2017).

The execution of the Joint Escrow Instructions did not eliminate or reduce Price's property interest. The terms of the Joint Escrow Instructions did not define a condition that upon satisfaction would vest Coulson with title, did not convert Price's rights to a contingent contract right, and did not establish a specific purpose

3

for the escrow (i.e. security for a judgment).[1]  *See Pettit v. North Bay Plumbing, Inc. (In re Pettit)*, 217 F.3d 1072, 1079-80 (9th Cir. 2000) (holding that funds were not part of the bankruptcy estate because funds were deposited in lieu of a supersedeas bond to secure a judgment).  The district court correctly concluded that the escrow maintained the status quo, rather than materially altering the rights of the parties.

## II

The district court correctly determined that a transfer did not occur on January 30, 2015, when the state court entered its Minute Order determining that Price owed Coulson more than the amount held in the court-supervised account. The Minute Order is not a final judgment and did not have the effect of establishing a lien, and Coulson does not provide authority to the contrary. Coulson asserts that "under Hawaii law a *lienor* can obtain an interest in an 'order'" and cites to one state court case which allows attorneys to enforce liens on

---

[1]  The non-precedent cases Coulson relies on are all distinguishable. Coulson also argues that the funds were not reachable by the trustee because they were *in custodia legis*.  Because Coulson did not raise this argument before the bankruptcy court, it is waived.  *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992) ("As a general rule, an appellate court will not hear an issue raised for the first time on appeal.").

orders.  However, Coulson did not establish that he had a lien prior to the entry of the Minute Order.

III

The district court did not err in determining that the recording of the Affidavit of Adverse Claim (Affidavit) did not create a consensual lien by encumbering title to Prices' property and preventing a subsequent creditor from obtaining a superior interest in the property.  Hawaii has formal requirements for the recordation of both consensual and nonconsensual liens on property.  Haw. Rev. Stat. §§ 502-31 (requiring original signatures), 507D-5(b) (nonconsensual lien invalid unless accompanied by a certified order).  Further, under Hawaii law, a *lis pendens* only provides notice of a claim and does not create a lien on the property.  *See S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 866 P.2d 951, 966-67 (Haw. 1994) ("[T]he true purpose of the lis pendens statute is to provide notice of pending litigation and not to make plaintiffs secured creditors of defendants . . . .").

The recording of the Affidavit did not create a consensual lien or a nonconsensual lien on the property.  The Affidavit was unilaterally signed by Coulson and the attached Agreement appears to be a faxed copy.  *See* Haw. Rev. Stat. §§ 502-31, 507D-5(b).  Even if the filing of the Affidavit created an

impediment to closing, it did not create a lien on the property. *See Utsunomiya*, 866 P.2d at 966-67. The district court correctly concluded that the Affidavit did not function to grant Coulson an interest in the property or its proceeds.

**AFFIRMED.**