**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SOTERA WIRELESS, INC., | No. 18-56331 |
| Debtor, | |
| _____ | D.C. No. 3:17-cv-00885-BTM-BLM |
| MASIMO CORPORATION, | |
| Appellant, | MEMORANDUM* |
| v. | |
| SOTERA WIRELESS, INC., | |
| Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted December 13, 2019
Pasadena, California

Before: KELLY,** PAEZ, and BADE, Circuit Judges.

Masimo Corporation (Masimo) appeals from the district court's affirmance

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

of a bankruptcy court judgment in favor of Sotera Wireless, Inc. (Sotera) regarding three sets of trade secrets that Masimo claims Sotera misappropriated. These include Masimo's marketing technique, which it calls customized alarm analytics, technical trade secrets (TTS), and customer list trade secrets (CTS). The bankruptcy court decided, and the district court affirmed, that customized alarm analytics is not a trade secret, documents containing TTS were misappropriated but not used, and documents containing CTS were misappropriated and used to a limited extent. It awarded damages in accordance with its analysis. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

The parties are familiar with the facts and procedural background, so we need not restate them here.

## I.

We review a district court's legal holdings de novo. *In re Mortg. Store, Inc.*, 773 F.3d 990, 994 (9th Cir. 2014). In bankruptcy cases, the district court functions as an appellate court and so reviews the bankruptcy court's legal conclusions de novo and findings of fact for clear error. *Id.*; *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). The appellate court thus reviews the bankruptcy court's decisions by the same standard as the district court. *Id.* Accordingly, we review the bankruptcy court's conclusions of law de novo and findings of fact for clear error. *Id.* Because we review the bankruptcy court's

conclusions of law de novo, we can affirm its decision on any grounds supported by the record, even if the reasoning of district court or the bankruptcy court was incorrect. *In re Crystal Props., Ltd.*, 268 F.3d 743, 755 (9th Cir. 2001).

## II.

On appeal, Masimo makes several arguments that may be distilled as (1) whether the bankruptcy court erred by importing a requirement that the alleged trade secret not be readily ascertainable, and (2) whether the bankruptcy court erred when it did not expressly address Masimo's request for royalties for the misappropriated documents.

Masimo's first argument is unavailing. The bankruptcy court did not decide that custom alarm analytics are not a trade secret based wholly, or even mostly, on the basis that it was readily ascertainable. The bankruptcy court gave two other valid grounds for its holding, both of which are based upon fact-intensive analyses.[1] First, the bankruptcy court found that the evidence at trial did not show a meaningful distinction between Masimo's alleged trade secret, customized alarm analytics, and analyzing aggregate hospital data as a sales technique. Second, the bankruptcy court found that Masimo publicly disclosed its alleged trade secret in a White Paper on its website and in an article in a trade journal, *Horizons*. In its

---

[1] The district court did not address these alternate grounds. *See In re Sotera Wireless, Inc.*, 591 B.R. 453, 466 (S.D. Cal. 2018).

analysis of the *Horizons* article, the bankruptcy court noted that "the article's insight is not the provision of customized analytics to a hospital" but nevertheless "the key idea here—analyzing an individual hospital's data—is embedded within the article . . . the calculations are the same; the data set is just larger." The bankruptcy court concluded that without a meaningful distinction from public information, Masimo's technique is not protected.

These grounds turn on the bankruptcy court's credibility determinations and factual findings based on an extensive record developed at trial, to which we owe deference. *See In re Schmitz*, 270 F.3d 1254, 1256 (9th Cir. 2001). The bankruptcy court's assessment of the technique was based on witness testimony in the context of a seven-day trial. It clearly articulated its findings and supported them with evidence from the trial. We find no clear error in its factual assessment.

## III.

Masimo next argues that the bankruptcy court erred by failing to expressly consider its request for royalties for the TTS and CTS documents that former Masimo employees James Welch and David Hunt misappropriated but did not use, and that the district court erred in affirming the bankruptcy court's damages analysis. The California Uniform Trade Secrets Act (CUTSA) provides a remedy of a reasonable royalty if "neither damages nor unjust enrichment caused by misappropriation are provable." Cal. Civ. Code § 3426.3(b). Here, the bankruptcy

18-56331

court analyzed damages, granted an injunction requiring destruction of the misappropriated documents, and gave an unjust enrichment award for the documents that were used. It specifically considered awarding royalties, and it declined to do so. Masimo does not cite authority to support its claim for additional damages, but rather argues that the bankruptcy court's factual findings were in its favor and the bankruptcy court should have addressed its request for royalties.

Although the bankruptcy court did not specifically address Masimo's request for royalties for the misappropriated documents, any error was harmless because the court found that Sotera did not use or benefit from the TTS documents. *See Atl. Inertial Sys v. Condor Pac. Indus. of Cal.*, 2015 WL 3825318, at \*6 (C.D. Cal. June 18, 2015) (identifying four factors that "should inform the exercise of the [c]ourt's discretion to determine whether to award a royalty and, if so, in what amount").

Additionally, because the court awarded unjust enrichment damages based on Mr. Hunt's use of the CTS documents, it did not err by failing to expressly address whether royalties were warranted. *See id.* at \*4 ("[w]hen calculating a monetary remedy for the past use of a misappropriated trade secret, a court 'may order' reasonable royalties '[i]f neither damages [for actual loss] nor unjust

enrichment caused by misappropriation are provable.'") (quoting Cal. Civ. Code § 3426.3). Masimo is not entitled to additional royalty damages.

**AFFIRMED.**