NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  SAN JOSE AIRPORT HOTEL, LLC, DBA Holiday Inn San Jose, _____ MOHAMED POONJA, Chapter 7 Trustee, Plaintiff-Appellee, v. CHANDRAKANT SHAH, Defendant-Appellant. | No.   18-15629 D.C. No. 5:17-cv-00858-EJD MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted October 25, 2019
San Francisco, California

Before:  MELLOY,** BYBEE, and N.R. SMITH, Circuit Judges.

Chandrakant Shah appeals the district court's order affirming the judgment

of the bankruptcy court, which found Shah liable to Plaintiff Mohamed Poonja,

_____

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

trustee for the debtor San Jose Airport Hotel, LLC, for breach of contract in the amount of $11,648,758.00. Having jurisdiction under 28 U.S.C. § 158, we affirm.

The district court found that Shah's breach of his guaranty of the underlying sale was a proximate cause of Poonja's damages, and that the amount of damages was established with reasonable certainty. "We review a district court's decision in an appeal from the bankruptcy court de novo." *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). We apply the same standard of review to the bankruptcy court's decision as did the district court—findings of fact are reviewed for clear error and conclusions of law de novo. *Id.*

The context of the sale, *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644–45 (Cal. 1968), and the ordinary meaning of the contract terms, Cal. Civ. Code § 1644, establish that Shah's contractual obligations were broad. Giving effect to the mutual intention of the parties at the time of contracting, *id.* § 1636, it is clear that Shah breached his obligations when he failed to cooperate and provide updated financial information.

Since Shah's cooperation was essential to the sale, Shah's breach was, at least, a "substantial factor" in causing the damages. *US Ecology, Inc. v. State*, 28 Cal. Rptr. 3d 894, 909–10 (Ct. App. 2005). For the same reason, the damages awarded were reasonably foreseeable at the time the parties contracted. *999 v. C.I.T. Corp.*, 776 F.2d 866, 872 (9th Cir. 1985).

2

Further, based on the evidence offered at trial, the amount of damages was properly established with reasonable certainty. Cal. Civ. Code §§ 3301, 3307. Shah's liability could not have been limited by the liquidated damages provision in the sales contract because that provision never operated to limit Shah's individual liability. Nor could his liability have been limited by California's statutory protections for guarantors because Shah expressly waived those protections in his guaranty.

**AFFIRMED.**