**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  J. DOUGLASS JENNINGS, Jr.; PEGGY L. JENNINGS,  Debtors, _____ PEGGY L. JENNINGS,  Plaintiff-Appellant,  v.  RAMOS PROPERTIES, L.P.; SSM CAPITAL, INC.,  Defendants-Appellees. | No.   19-55322  D.C. No. 3:17-cv-02172-DMS-KSC  MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted May 4, 2020[**]
Pasadena, California

Before:  GOULD and CHRISTEN, Circuit Judges, and STEIN,[***] District Judge.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney H. Stein, United States District Judge for the

Peggy Jennings appeals the district court's affirmance of the bankruptcy court's judgment in favor of Ramos Properties, L.P., and SSM Capital, Inc. On remand from this court, the bankruptcy court found that Jennings was liable for larceny, embezzlement, willful and malicious injury, and conspiracy to cause willful and malicious injury, and that these debts were nondischargeable in her chapter 7 bankruptcy proceedings. We affirm.

**1.** "We review a district court's decision in an appeal from the bankruptcy court de novo. In doing so, we apply the same standard of review to the bankruptcy court's decision as did the district court." *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (citation omitted). Here, Jennings challenges only the bankruptcy court's compliance with this court's mandate. Jennings offers no argument challenging the bankruptcy court's adoption of its prior factual findings as the law of the case, and "[w]e will not manufacture arguments for an appellant." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994); *cf. Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1096 (9th Cir. 1994). Thus, the appropriate standard of review of the bankruptcy court's decision is de novo. *See Bustos v. Molasky (In re Molasky)*, 843 F.3d 1179, 1184 (9th Cir. 2016).

---

Southern District of New York, sitting by designation.

**2.** The bankruptcy court did not violate the rule of mandate by adhering to its prior factual findings and limiting the scope of trial to Jennings's intent. "A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). But "mandates require respect for what the higher court decided, not for what it did not decide." *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000) (quoting *Biggins v. Hazen Paper Co.*, 111 F.3d 205, 209 (1st Cir. 1997)). For that reason, a lower court on remand may "decide anything not foreclosed by the mandate." *Hall*, 697 F.3d at 1067.

Our prior decision held only that summary judgment should not have been granted against Jennings because she "put forth evidence that created a genuine issue of material fact as to her intent by claiming that she did not know what she was signing and signed forms merely because Mr. Jennings told her to." *Jennings v. Ramos Properties, L.P.* (*In re Jennings*), 671 F. App'x 495, 496 (9th Cir. 2016). We expressed no view on the bankruptcy court's factual determinations that formed the basis for its grant of summary judgment. Thus, our mandate did not preclude the bankruptcy court from adhering to its earlier factual findings or from limiting the trial to a single remaining issue of material fact. *See Hall*, 697 F.3d at 1067.

**AFFIRMED.**