**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JAMES MANUEL RODRIGUEZ, | No. 21-60018 |
| Debtor, | BAP No. 17-1245 |
| ------------------------------ | |
| JAMES MANUEL RODRIGUEZ, | MEMORANDUM* |
| Appellant, | |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted December 9, 2022**
Pasadena, California

Before: BEA, IKUTA, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Manuel Rodriguez appeals pro se the Bankruptcy Appellant Panel's ("BAP") decision affirming the bankruptcy court's decisions, which held Appellee's subrogation claim against Appellant nondischargeable under 11 U.S.C. § 523(a)(6). The parties are familiar with the facts and arguments, so we do not recount them here. We review the BAP's decision de novo. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review the bankruptcy court's conclusions of law de novo and review its factual findings for clear error. *In re Su*, 290 F.3d 1140, 1142 (9th Cir. 2002). Because we hold that the bankruptcy court did not commit clear error in determining that the elements required for a finding of nondischargeability under § 523(a)(6) were met, and that the BAP decision is correct, we affirm.

1. The bankruptcy court did not commit clear error in holding that Appellant's conduct was tortious under state law, as required by our caselaw interpreting § 523(a)(6). *See* 11 U.S.C. § 523(a)(6); *Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008). Appellant's taking of the Ferrari was an illegal conversion under California law. The elements of a conversion claim under California law are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Sheley v. Harrop*, 215 Cal. Rptr. 3d 606, 626 (Ct. App. 2017) (quoting *Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015)). Appellant's taking possession of the Ferrari was an illegal conversion of Sun's property under California law because Sun had the right

to possession of the Ferrari as its title was in her name, Appellant wrongfully took the Ferrari without Sun's permission, and Sun necessarily suffered damages because she was deprived of her property.

2. The bankruptcy court did not commit clear error in holding that Appellant's conduct was willful within the meaning of § 523(a)(6). Conduct is willful within the meaning of § 523(a)(6) if the debtor (1) had a subjective motive to inflict injury, or (2) knew that injury was substantially certain to result from his conduct. *In re Su*, 290 F.3d at 1143–46. The bankruptcy court's determination that Appellant intended to inflict harm on Sun by taking possession of the Ferrari is supported by Appellant's expressions of ill-will toward Sun in his trial brief. For example, Appellant described Sun as a "conniving entrepreneur, an Asian Cruella-De-Ville of sorts" and stated that he was going to drop a "nuclear bomb" on Sun and Curtis and did not want to be anywhere near "ground zero" when it hit. These statements support the bankruptcy court's finding that Appellant intended to inflict harm on Sun and belie Appellant's argument that his taking of the Ferrari was the result of only benign motives.

3. The bankruptcy court did not commit clear error in holding that Appellant's conduct was malicious within the meaning of § 523(a)(6). Malicious conduct "involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *In re Jercich*, 238 F.3d 1202,

3

1209 (9th Cir. 2001) (quoting *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) (en banc)). The first three elements of maliciousness are easily met because Appellant intentionally committed the wrongful act of illegal conversion of the Ferrari, which resulted in the deprivation of Sun's property. We reject Appellant's argument that he had just cause for his conduct because he relied on the advice of an attorney. The bankruptcy court found that, although Appellant's lawyer advised him to *keep* the Ferrari in a safe and neutral location, Appellant's lawyer never advised him to *take* the Ferrari in the first place, which is the relevant conduct here. Appellant does not challenge this factual determination on appeal. Moreover, regardless of any legal advice Appellant may have received, there is significant evidence that Defendant had the specific intent to injure Sun, which is enough to negate any just cause or excuse for Defendant's behavior. *See In re Armstrong*, 2006 WL 2850527, at *11 (Bankr. D. Idaho Oct. 3, 2006). The bankruptcy court therefore did not commit clear error in holding that Defendant's conduct was malicious.

4. Appellant's argument that Sun had "unclean hands" in her dealings with Appellee was raised for the first time before the BAP. Although as a general matter we do not decide issues that the trial court did not decide, we may in our discretion consider all issues raised on appeal by a pro se debtor when we determine that "justice will be better served" if we do so. *In re Jacksen*, 105 B.R. 542, 543–544 (B.A.P. 9th Cir. 1989). The doctrine of unclean hands requires that a plaintiff seeking

4

equitable relief "shall have acted fairly and without fraud or deceit as to the controversy in issue." *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1097 (9th Cir. 1985). "In applying the doctrine, '[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants.'" *Id.* (quoting *Republic Molding Corp. v. B. W. Photo Utils.*, 319 F.2d 347, 349 (9th Cir. 1963)). However, the doctrine does not require that courts "always permit a defendant wrongdoer to retain the profits of his wrongdoing merely because the plaintiff himself is possibly guilty of transgressing the law." *Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 387 (1944). The court must "balanc[e] the alleged wrongdoing of the plaintiff against that of the defendant," *Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 960 (9th Cir. 2015), and "weigh the substance of the right asserted by plaintiff against the transgression which, it is contended, serves to foreclose that right" to strike an "equitable balance." *Republic Molding Corp.*, 319 F.2d at 350. Here, Appellant argues that Sun was "disingenuous in her disclosures" to Appellee and that Appellee "failed to exercise due diligence" in investigating Sun's claim. Even assuming the truth of these assertions, "had the bankruptcy court weighed the parties' respective wrongdoing, it necessarily would have concluded" that Appellant's willful and malicious conversion of the Ferrari far outweighed the alleged wrongdoing by Sun and Appellee. *See Beyries*, 789 F.3d at 960. Regardless

5

whether it was forfeited, Appellant's unclean hands argument fails on its merits. Moreover, because Rodriguez stipulated that "[t]he appropriateness of State Farm's subrogation claim is undisputed in that there is no issue that Sun was insured by State Farm, she made a covered claim, the claim was paid, the payment was reasonable and State Farm, standing in her shoes as subrogee, now has the right to pursue recovery of the balance of the claim which is $42,003.51 from the parties legally responsible for causing the loss," *In re Rodriguez*, No. AP 15-90095-CL, 2021 WL 345571, at *7 (B.A.P. 9th Cir. Feb. 1, 2021), Rodriguez has waived the argument that any wrongdoing on the part of Sun could be imputed to Appellee so as to make its subrogation claim inappropriate.

5. Appellant waived his argument that damages were incorrectly calculated because he stipulated to the amount of damages before trial. Stipulation to a fact naturally implies the intentional relinquishment of any right to challenge that fact and is a clear example of waiver. *See United States v. Perez*, 116 F.3d 840, 849, 851–52 (9th Cir.1997) (en banc) (Kleinfeld, J., concurring).

For these reasons, we affirm.