**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER SZANTO,

        Appellant,

  v.

EVYE GELLER SZANTO; VICTOR
SZANTO; NICOLE SZANTO;
KIMBERLEY SZANTO; MARIETTE
SZANTO; ANTHONY SZANTO; AUSTIN
BELL; BARBARA SZANTO
ALEXANDER; STEPHEN P. ARNOT,
Trustee,

        Appellees.

No.   22-35744

D.C. No. 3:19-cv-02043-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 30, 2025[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter Szanto ("Szanto") appeals pro se from the district court's partial affirmance of the bankruptcy court's judgment after a bench trial in favor of Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, and Barbara Szanto Alexander ("Appellees") on the counterclaims they filed against Szanto in an adversarial proceeding arising out of Szanto's Chapter 7 action. We review de novo whether a plaintiff in a bankruptcy case is entitled to a jury trial. *See Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). We review for abuse of discretion a bankruptcy court's denial of a motion for continuance and a motion for recusal. *See F.T.C. v. Gill*, 265 F.3d 944, 955 (9th Cir. 2001) (stating the standard of review for the denial of a motion for a continuance); *In re Marshall*, 721 F.3d 1032,1039 (9th Cir. 2013) (stating the standard of review for the denial of a motion for recusal). We affirm.

The district court did not err in holding that the bankruptcy court properly denied Szanto's request for a jury trial because Szanto expressly consented in a pre-trial hearing to final adjudication by the bankruptcy court and litigated the case in bankruptcy court for more than a year before seeking to withdraw his consent. *See Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (explaining that when a party subjects himself to a bankruptcy court's equitable power, there is no right to a jury trial); *Stern v. Marshall*, 564 U.S. 462, 481 (2011) (refusing a party's attempt to

withdraw his consent to be bound by the bankruptcy court because litigating the case in that court constituted waiver of the issue).

The district court properly held that the bankruptcy court did not abuse its discretion by denying Szanto's request for a continuance of trial because Szanto failed to produce credible evidence that his poor health warranted the continuance despite the bankruptcy court's repeated instructions to do so. *See Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 976 (9th Cir.1996) (explaining that a showing of abuse of discretion in the denial of a continuance depends on the facts of each case).

The district court properly held that the bankruptcy court did not abuse its discretion by denying Szanto's motion to recuse the bankruptcy judge because Szanto showed neither the judge's bias nor the judge's appearance of bias. 28 U.S.C. § 455; *see Liteky v. United States*, 510 U.S. 540, 555 (1994) (Judicial "rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008) (A "judge's conduct during the proceedings should not, except in the rarest of circumstances form the sole basis for recusal under § 455(a).").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Szanto's motion to file his Reply Brief is granted.  (Docket Entry 57).

Szanto's various motions for miscellaneous relief are denied.  (Docket Entry Nos. 9, 38, 45, 49, and 53).

**AFFIRMED.**